**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:23-CV-00101-CHL**

**MARY BETH ROGERS,**                                                     **Plaintiff,**

**v.**

**PNC BANK,**                                                         **Defendant.**

**MEMORANDUM OPINON AND ORDER**

Before the Court are two motions filed by Defendant PNC Bank ("PNC"): (1) a Motion for Summary Judgment (DN 29) and (2) a Motion to Stay Discovery (DN 38). Plaintiff Mary Beth Rogers ("Rogers") filed responses to those motions, and PNC filed replies. (DNs 37, 38-2, 39, 40.) The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DNs 12, 13, 15.) Therefore, these matters a ripe for review.

For the reasons set forth below, PNC's Motion for Summary Judgment (DN 29) is **GRANTED**, and PNC's Motion to Stay Discovery (DN 38) is **DENIED** as moot.

**I.**    **BACKGROUND**

This action involves a series of certificates of deposit ("CDs") purchased by Rogers between 1990 and 1996. Specifically, Rogers purchased eight CDs on the following dates for the following amounts:

| Date | Amount |
|---|---|
| August 31, 1990 | $5,000.00 |
| May 9, 1991 | $1,000.00 |
| August 15, 1991 | $4,500.00 |
| August 15, 1991 | $4.500.00 |
| September 30, 1991 | $7,000.00 |
| May 19, 1994 | $1,500.00 |
| December 4, 1995 | $10,000.00 |

       May 7, 1996       $15,000.00

(DN 1-1, at ¶ 6; DN 29-1, at PageID #150-51.)  Copies of the CDs were attached to Rogers's Verified Complaint.  (DN 1-1, at PageID # 9-24; *see also* DN 29-1, at PageID # 161-76.)  Each of the CDs provided that it would be automatically renewed upon maturity.  (DN 1-1, at PageID # 9-24; DN 29-1, at PageID # 161-76.)  But when Rogers demanded that PNC honor and cash in the CDs in March 2022, PNC responded that it had no record of the CDs in its files.  (DN 1-1, at ¶¶ 8-9; DN 29-1, at PageID # 151.)  Rogers then filed a Verified Complaint against PNC alleging three claims: (1) violation of the Kentucky Consumer Protection Act ("KCPA") KRS § 367.393; (2) breach of contract; and (3) conversion.  (DN 1-1, at ¶¶ 10-23.)  In support of her KCPA claim, Rogers claimed that PNC wrongfully "failed to provide [her] with evidence that the automatically renewable CD's have been renewed for a like term at the best available rate of interest." (*Id.* at ¶ 11.)  She demanded compensatory damages, punitive damages, and attorneys fees. (*Id.* at PageID # 6.)  But, on May 24, 2023, PNC paid Rogers $80,000 in full satisfaction of all principal and interest due to Rogers on the eight CDs.  (DN 18, at PageID # 57; DN 29-1, at PageID # 152, 177-79.)  Moreover, PNC's payment was based on the principal and interest *as calculated by Rogers*, and PNC paid her the full amount of principal and interest she requested.  (DN 29-1, at PageID # 158; DN 38-2, at PageID # 196.)

  PNC then moved for summary judgment on Rogers's claims arguing that given PNC's payment and certain legal deficiencies in her KCPA claim, it was entitled to summary judgment.  (DNs 29, 29-1.)  In response, Rogers agreed that "Counts II and III have been satisfied," referencing her breach of contract and conversion claims.  (DN 37, at PageID # 182.)  However, she argued that no discovery had yet been taken in this action, and she should be allowed to take discovery on her remaining claim.  (*Id.* at 182-83.)  PNC disagreed and filed a corresponding

2

motion to stay discovery, which Rogers opposed. (DNs 38, 39, 40.) The Court will address these issues further below.

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action because the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also* DN 1.

## III.    DISCUSSION

### A.     Legal Standard

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies the burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving

party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

**B.     Analysis**

As a starting point, the Court takes Rogers's statement in her response to PNC's Motion for Summary Judgment that "Counts II and III have been satisfied" to be an abandonment of those counts in her Complaint and will accordingly grant PNC summary judgment on those claims.

Rogers's only remaining claim is her claim in Count I for violation of the KCPA. (DN 1-1, at ¶¶ 10-12.) As noted above, in her Complaint, Rogers claimed that PNC violated KRS § 367.393 because "PNC has failed to provide [her] with evidence that the automatically renewable CD's have been renewed for a like term at the best available rate of interest." (DN 1-1, at ¶ 11; *id.* at ¶¶ 10-12.) KRS § 367.393, titled "[c]ertificates of deposit; renewal term and rate; violation and penalties," provides in full:

> (1)     As used in this section, "financial institution" means a bank, trust company, savings and loan association, or credit union authorized by law to do business in this state.
> (2) (a) A financial institution that issues a certificate of deposit that is subject to automatic renewal at maturity shall, upon automatic renewal, renew the certificate of deposit for a like term at the best available rate of interest as posted at the issuing financial institution for similarly issued certificates of like term.
>    (b) Any notice sent by the financial institution to the holder of a certificate of deposit subject to automatic renewal prior to maturity which notifies the holder of the holder's options upon renewal shall disclose that if the certificate of deposit automatically renews it will be renewed for a like term at the best available rate of interest as posted at the issuing financial institution for similarly issued certificates of like term.
> (3) (a) Any violation of this section shall be an unfair, false, misleading, and deceptive act or practice in the conduct of trade or commerce in violation of KRS 367.170.
>    (b) All of the remedies, powers, and duties provided for the Attorney General in KRS 367.190 to 367.300, and all of the penalties provided in KRS 367.990, pertaining to acts declared unlawful by KRS 367.170, shall apply to acts and practices declared unlawful in this section.

KRS § 367.393.

PNC argued that the KCPA does not apply to this case because the particular statute cited by Rogers, KRS § 367.393, was enacted in 2004, nearly eight years after the last of the CDs was purchased by Rogers. (DN 29-1, at PageID # 156-59.) PNC also argued that Rogers had failed to establish any violation of KRS § 367.393. Only subsection 2 of that statute, which is set forth above, provides substantive obligations for financial institutions; subsection 2(a) mandates that CDs subject to automatic renewal be renewed for a like term at the best available rate of interest for similarly issued certificates of like term at the financial institution, and subsection 2(b) governs the content of notices sent by the financial institution to the holder of CDs. As to subsection 2(a), PNC emphasized that PNC paid and Rogers accepted PNC's payment "as payment in full of all sums (principal and interest) due her under the certificates of deposit"; thus, it argued that there was "no question about whether [ ] [it] has paid the principal and interest on Ms. Rogers'[s] certificates of deposit at the best posted rate for each applicable renewal period." (DN 29-1, at PageID # 158.) As to subsection 2(b), it argued that the provision did not require a financial institution to send a notice and instead only governed the content of any notice the institution did send. (DN 38-2, at PageID # 196.)

In response, Rogers emphasized that "no discovery has been taken in this action" and requested that she be allowed to serve certain discovery requests on PNC and be given thirty days after PNC tenders its discovery responses to respond to PNC's summary judgment motion. (DN 37.) Her tendered discovery consisted of seven requests for admission and one request for production of documents. (DNs 37-2, 37-3.) She argued that her discovery requests were "designed to establish that PNC Bank failed to comply with the K[C]PA for nineteen years after the effective date of the Act." (DN 37, at PageID # 183.) In her response to PNC's Motion to

5

Stay Discovery, she also argued that she was entitled to discovery as to whether PNC served any notices pursuant to KRS § 367.393(2)(b) on other CD holders who purchased CDs prior to the effective date of KRS § 367.393 and "as to [PNC's] compliance with this statute and whether PNC actually treats this requirement as optional." (DN 39, at PageID # 199.) But Rogers failed to make any argument about why this discovery was necessary to respond to PNC's summary judgment motion.

As noted above, Fed. R. Civ. P. 56 governs motions for summary judgment. Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). This Rule is intended to provide a mechanism for the parties and the Court "to give effect to the well-established principle that 'the plaintiff must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment.' " *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009) (quoting *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 281 (6th Cir. 2005)); *see also Plott v. Gen Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995) ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."). The affidavit required by Rule 56(d) must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989)); *Price v. AgriLogic Ins. Servs., LLC*, 37 F. Supp. 3d 885, 891 (E.D. Ky. 2014). The Sixth Circuit has clarified that a motion under Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements . . .

6

regarding the need for more discovery," *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.' " *Id.* (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989)).

Rogers failed to cite Rule 56(d) or to provide an affidavit or declaration as required. While she identified the areas of discovery she wished to pursue, she did not sufficiently explain why that discovery was necessary to respond to the specific allegations made by PNC. Nor is the need for the same apparent to the Court. Rogers's statement that she needed information regarding how PNC responded to other holders of CDs is puzzling. She made claims only on behalf of herself and not any purported class; thus, any discovery regarding how PNC treated other people is irrelevant and unnecessary for her to be able to respond to PNC's summary judgment motion. Whether KRS § 367.393 applies to Rogers's CDs and whether KRS § 367.393(2)(b) requires certain notices be sent are legal issues on which Rogers needed no discovery to file a properly supported opposition to PNC's motion. While whether PNC complied with KRS § 367.393(2)(a) does seem to involve potential issues of fact, Rogers did not even address PNC's contention that it paid her based on her own calculation of principal and interest owed and that she accepted $80,000 to satisfy the outstanding principal and interest owed on her CDs. She needed no discovery from PNC to rebut the veracity of that representation. She likewise did not address why that payment did not obviate any claim she might have had under KRS § 367.393(2)(a) or why discovery was necessary for her to make such an argument. She also cited no authority to support her position. Thus, Rogers has wholly failed to either oppose PNC's arguments regarding the propriety of summary judgment or to make a properly supported Rule 56(d) motion as to why she cannot respond to those arguments without discovery.

Having reviewed PNC's arguments, the Court finds that PNC is entitled to summary judgment on Rogers's KCPA claim.  Assuming that KRS § 367.393 applies, Rogers has failed to demonstrate a violation of the statute or show why discovery is required for her to establish one.  As to subsection 2(a), Rogers accepted payment from PNC in an amount PNC explicitly stated was offered "in full satisfaction of all principal and interest due Rogers . . . on the CDs" and that was based on Rogers's own calculation of what she was owed.  (DN 29-1, at PageID # 177.)  Rogers made no argument and offered no evidence that the interest she was paid was not compliant with the statute, and in the absence of either, the Court finds that PNC is entitled to summary judgment on any claim by Rogers that PNC violated KRS § 367.393(2)(a).  As to subsection 2(b), the clear language of the statute contains only the prescription that "any notice" include certain information; it does not require that a notice be sent.  Rogers provided no case law supporting that the statute should be read any differently.  And she provided no information regarding a notice she did receive that was not compliant with the statute (and she needs no discovery from PNC to be able to point the Court to something she received).  Without either, PNC is entitled to summary judgment on any claim by Rogers that PNC violated KRS § 367.393(2)(b).  Because the Court finds that Rogers has failed to demonstrate a violation of either KRS § 367.393(2)(a) or (b), it does not reach the issue of retroactivity raised by PNC. Finally, to the extent that Rogers asserted in either her Complaint or in her filings that PNC failed to timely pay the principal and interest owed upon her demand, she has neither established nor alleged that failure to timely pay is compensable under KRS § 367.393, which the Court finds contains no such requirement.  For these reasons, the Court finds that PNC is entitled to judgment as a matter of law on Rogers's KCPA claim, and the Court will **GRANT** PNC's motion for summary judgment and enter a separate judgment consistent

with this memorandum opinion and order. Given this ruling, PNC's Motion to Stay Discovery (DN 38) is **DENIED** as moot.

## IV. ORDER

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1) PNC's Motion for Summary Judgment (DN 29) is **GRANTED** as set forth above. The Court will enter a separate judgment consistent with this Memorandum Opinion and Order.

(2) PNC's Motion to Stay Discovery (DN 38) is **DENIED** as moot.

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
August 27, 2024